ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| PR RECOVERY & DEVELOPMENT JV, LLC, POR CONDUCTO DE SU AGENTE AUTORIZADO, ISLAND PORTFOLIO SERVICES, LLC<br><br>Parte Recurrida<br><br>v.<br><br>EMPRESAS ARR, INC.; ANÍBAL ROLDÁN RODRÍGUEZ; SAMAIRA JUDITH DE JESÚS MORALES t/c/c SAMAIRA DE JESÚS MORALES Y LA SOCIEDAD DE GANANCIALES COMPUESTA POR AMBOS<br><br>Parte Peticionaria | TA2026CE00588 | *Certiorari,* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2020CV00203<br><br>Sobre: Cobro de Dinero, Ejecución de Hipoteca, Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Romero García, el Juez Monge Gómez y la Jueza Prats Palerm.

Monge Gómez, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 22 de mayo de 2026.

Compareció ante este Tribunal la parte peticionaria, Empresas ARR, Inc., el Sr. Aníbal Roldán Rodríguez, la Sra. Samaira Judith De Jesús Morales t/c/c Samaira De Jesús Morales y la Sociedad Legal de Bienes Gananciales compuesta por ambos (en adelante, los "Peticionarios"), mediante petición de *certiorari* presentada el 11 de mayo de 2026. Nos solicitaron la revocación de la *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Caguas (en adelante, "TPI"), el 5 de febrero de 2026, notificada y archivada en autos al día siguiente. Dicho dictamen fue objeto de una solicitud de reconsideración que fue denegada por el TPI por medio de una *Orden* notificada el 10 de abril de 2026.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto de *certiorari* ante nuestra consideración.

**I.**

El presente caso tuvo su génesis con la presentación de una "**Demanda**" por parte de PR Recovery & Development JV, LLC, por conducto de su agente autorizado, Island Portfolio Services, LLC (en adelante, "PRRD" o "Recurrido") en contra de los Peticionarios. Mediante la misma, PRRD alegó que los Peticionarios le adeudaban $213,709.01, por concepto de ciertas líneas de créditos que estaban garantizadas mediante gravámenes hipotecarios y mobiliarios. Luego de múltiples trámites procesales impertinentes y tras el recibo del mandato de este Tribunal en el caso núm. KLAN202401064, se celebró una *Vista sobre el Estado de los Procedimientos* el 8 de octubre de 2025. Durante dicha audiencia, el foro de instancia estableció como fecha límite para el descubrimiento de prueba de las controversias pendientes el 15 de enero de 2026 y concedió hasta el 17 de febrero de 2026 para presentar mociones dispositivas. En atención a dicho calendario pautó la *Conferencia con Antelación al Juicio* para el 28 de mayo de 2026.

El 27 de octubre de 2025, los Peticionarios cursaron a PRRD su *Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos*. Un día antes de su vencimiento, esto es, el 26 de noviembre de 2025, el Recurrido solicitó prórroga para contestar el mismo. A esos efectos, la juzgadora de instancia le concedió a PRRD hasta el 12 de diciembre de 2025 para cursar las aludidas contestaciones. Llegada la fecha límite, el Recurrido solicitó una segunda prórroga de quince (15) días. El 14 de diciembre de 2025, los Peticionarios presentaron un escrito intitulado "**Comparecencia y Otros Extremos**". Allí llamó la atención del foro recurrido al hecho de que, debido a las prórrogas solicitadas, sería imposible completar el descubrimiento de prueba para el 15 de enero de 2026 y, por tanto, solicitaron un nuevo calendario para completar el mismo.

El 22 de diciembre de 2025, notificada el 29 de diciembre de 2025, el TPI emitió *Orden* mediante la cual concedió la segunda prórroga para que PRRD notificara sus contestaciones al descubrimiento de prueba cursado. En otras palabras, dicho plazo vencería el 14 de enero de 2026. Ese mismo día, el foro de instancia denegó la solicitud de extensión de la fecha límite del descubrimiento de

prueba. Al día siguiente, a saber, el 30 de diciembre de 2025, PRRD presentó un escrito "**Al Expediente Judicial**" en el que informó que el mismo 29 de diciembre de 2025 notificaron sus contestaciones al *Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos* cursado por los Peticionarios.

El 26 de enero de 2026, comparecieron los Peticionarios mediante un escrito que intitularon "**Al Expediente Judicial -Escrito Informativo-**" por medio del cual notificaron que sus representantes legales se habían incorporado a labores luego del receso navideño el 14 de enero de 2026. Igualmente, informaron que el 23 de enero de 2026 cursaron una comunicación a los Peticionarios sobre unas objeciones a las contestaciones al *Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos* de PRRD, al amparo de la Regla 34.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 34.1. Asimismo, informaron que en igual fecha cursaron una citación para la toma de deposición *duces tecum* las Sras. Rose Marie Alonso López y Nellie Soto Guzmán.

El 28 de enero de 2026, PRRD presentó "**Oposición a *Escrito Informativo (Ent. Núm. 77) y en Solicitud de Orden***". Mediante la misma, sostuvo que a través de la *Orden* de 22 de diciembre de 2025 se había denegado la solicitud de extensión del descubrimiento de prueba, sin que los Peticionarios solicitaran reconsideración y que, a pesar de que desde el 29 de diciembre de 2025 notificó sus contestaciones al *Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos* no fue sino hasta después de la fecha límite para culminar el descubrimiento de prueba que los Peticionarios cursaron sus objeciones y los dos (2) avisos para la toma de deposiciones. A esos efectos, expusieron que no existía justa causa para la dilación ni negligencia excusable para la inobservancia de la fecha límite del descubrimiento de prueba por parte de los Peticionarios y solicitaron que declarara "**No Ha Lugar**" el escrito informativo presentado por estos últimos y se reafirmara que el periodo de descubrimiento de prueba culminó el 15 de enero de 2026.

Ese mismo día, los Peticionarios presentaron una "**Réplica a Moción en Oposición**" en la que, en esencia, aludió a que el atraso en anunciar el descubrimiento de prueba fuera de la fecha límite establecida por el Tribunal se debió a tácticas dilatorias de PRRD y a que se le concedieron dos (2) prórrogas que redundaron en una limitación al derecho de los Peticionarios a conocer a las

personas que les interesaba deponer. Mediante "**Dúplica a *Réplica a Moción en Oposición (Ent. Núm. 80)***", el Recurrido expresó que no le asistía la razón a los Peticionarios, toda vez que pasaron por alto que desde el 29 de diciembre de 2025 el foro de instancia denegó la solicitud para modificar el calendario de trabajo en el caso y extender la fecha límite del descubrimiento de prueba, por lo cual quedó reafirmado que el descubrimiento de prueba concluía el 15 de enero de 2026. Añadió que los Peticionarios contaban con quince (15) días luego de recibidas las contestaciones a su *Primer Pliego de Interrogatorios y Requerimiento de Producción de Documentos* para notificar a quiénes interesaba deponer y coordinar la deposición. Sin embargo, dicho término transcurrió sin que éstos hicieran notificación alguna.

Sostuvo, además, que los Peticionarios conocían desde el 29 de diciembre de 2025 la identidad de los testigos y que, de ignorar dicha realidad, desde la presentación del *Informe para el Manejo del Caso* radicada desde el 17 de noviembre de 2020 ya PRRD había identificado a las personas testigos en el caso. Finalmente, reiteró que los Peticionarios hicieron caso omiso a las órdenes del TPI puntualizando que el descubrimiento de prueba vencía el 15 de enero de 2025 y notificaron sus objeciones a las contestaciones al *Primer Pliego de Interrogatorios* y sus Avisos de Toma de Deposición *Duces Tecum* el 23 de enero de 2025, confirmando que deliberadamente ignoraron el calendario de trabajo establecido desde el 8 de octubre de 2025.

Consideradas las posturas de las partes, el 5 de febrero de 2026, el foro *a quo* emitió *Orden* a través de la cual reiteró que el descubrimiento de prueba concluyó el 15 de enero de 2026 y, en consecuencia, no autorizó el descubrimiento de prueba que los Peticionarios pretendían activar vencido dicho plazo. Insatisfechos, el 17 de febrero de 2026, los Peticionarios presentaron una solicitud de reconsideración que fue declarada "No Ha Lugar" por medio de una *Orden* notificada el 10 de abril de 2026.

Aun inconforme, los Peticionarios presentaron el recurso que nos ocupa, mediante el cual le imputó al foro de instancia la comisión del siguiente error:

> Erró el Honorable tribunal de Primera Instancia al cerrar arbitrariamente el descubrimiento de prueba a pesar de que fuere puesto en posición por la parte aquí recurrente de que el proceder

de los demandantes al solicitar prorrogas y el tribunal concedérselas laceraría y limitaría el calendario de descubrimiento propuesto a tal nivel que impedía al demandado cursar avisos de toma de deposición dentro de los términos que prescriben las Reglas de Procedimiento Civil, e impidió que se pudiera lograr un amplio descubrimiento conforme disponen nuestras reglas y la jurisprudencia interpretativa, constituyendo dicho proceder no solo uno arbitrario, sino que uno que demuestra pasión, prejuicio y parcialidad.

El 21 de mayo de 2026, PRRD presentó su "**Oposición a Expedición Del Recurso de *Certiorari* y/o Alegato en Oposición**".

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

**II.**

**A.**

El auto de *certiorari* es el recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar, a su discreción, una decisión de un tribunal inferior. 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); Mun. de Caguas v. JRO Construction, 201 DPR 703, 711 (2019). A pesar de ser un recurso procesal excepcional y discrecional, el tribunal revisor no debe perder de vista las demás áreas del derecho. Mun. de Caguas v. JRO Construction, *supra,* pág. 711.

Así, con el objetivo de ejercer de manera prudente nuestra facultad discrecional, es preciso acudir a lo dispuesto en la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40; Banco Popular de Puerto Rico v. Gómez Alayón, 213 DPR 314, 336 (2023). Esta norma cobra mayor relevancia en situaciones en las que no hay disponibles métodos alternos para asegurar la revisión de la determinación cuestionada. Íd. A esos efectos, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, limita la autoridad de este Tribunal de Apelaciones para revisar las órdenes y resoluciones interlocutorias que dictan los tribunales de instancia por medio del recurso discrecional del *certiorari*. En lo pertinente, la precitada disposición reglamentaria, *supra*, dispone que:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos

esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable la justicia, al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Íd.

Con el fin de que podamos ejercer de una manera sensata nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso, la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari*. BPPR v. SLG Gómez-López, 213 DPR 314, 336 (2023). En lo pertinente, la precitada disposición reglamentaria establece lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari*, o de una orden de mostrar causa:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Íd.

Nótese que, distinto al recurso de apelación, el auto de *certiorari*, por ser un recurso discrecional, debe ser utilizado con cautela y por razones de peso. Pueblo v. Díaz de León, 176 DPR 913, 918 (2009). En ese sentido, el Tribunal Supremo de Puerto Rico reiteradamente ha indicado que la *discreción* significa tener poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción. García v. Padró, 165 DPR 324, 334 (2005). También se ha definido como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". Banco Popular de Puerto Rico v. Gómez Alayon, *supra*, pág. 13. En otras palabras, el adecuado ejercicio de la discreción judicial está "inexorable e indefectiblemente atado al concepto de la razonabilidad". Pueblo v. Ortega Santiago, 125 DPR 203, 211 (1990). Así pues, un tribunal apelativo no intervendrá

con las determinaciones discrecionales de un tribunal sentenciador, a no ser que las decisiones emitidas por este último sean arbitrarias o en abuso de su discreción. SLG Flores, Jiménez v. Colberg, 173 DPR 843 (2008).

**B.**

El descubrimiento de prueba dentro del proceso civil está regulado por la Regla 23 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 23. El inciso (a) de la Regla 23.1 de dicho cuerpo reglamentario dispone que las partes podrán hacer descubrimiento sobre cualquier (1) información objeto del descubrimiento que no sea privilegiada y (2) que sea pertinente al asunto en controversia. Cruz Flores *et al.* v. Hosp. Ryder *et al.*, 210 DPR 465, 496 (2022); E.L.A. v. Casta, 162 DPR 1, 10 (2004); Alvarado v. Alemany, 157 DPR 672, 683 (2002). El concepto de pertinencia como limitación al descubrimiento de prueba, "aunque impreciso, debe ser interpretado en términos amplios". General Electric v. Concessionaires, Inc., 118 DPR 32, 40 (1986).

La referida Regla 23.1 de Procedimiento Civil, *supra*, señala que no constituirá objeción el que la información solicitada sea inadmisible en el juicio, siempre que exista una probabilidad razonable de que dicha información conduzca al descubrimiento de evidencia admisible. Íd. La amplitud del descubrimiento persigue dos (2) propósitos: garantizar la pronta solución de las controversias y evitar que en la vista en su fondo surjan sorpresas. Lluch v. España Service Sta., 117 DPR 729, 742-743 (1986); McNeil Healthcare v. Mun. Las Piedras II, 206 DPR 659, 672 (2021). Igualmente, se ha reconocido que los tribunales de instancia poseen amplia discreción para regular el ámbito del descubrimiento de prueba, con el objetivo de garantizar una solución justa, rápida y económica. Rivera *et al.* v. Arcos Dorados *et al.*, 212 DPR 194, 203 (2023).

Para que un asunto pueda estar sujeto a descubrimiento, lo único necesario es que esté presente una posibilidad razonable de relación con la cuestión que se pretende adjudicar. Consejo de Titulares v. Triple-S, 2025 TSPR 82, 216 DPR __ (2025); E.L.A. v. Casta, *supra*, pág. 13. Es decir, las únicas dos limitaciones al descubrimiento de prueba son: (1) que el asunto que se pretende descubrir sea pertinente a la controversia que se dirime; (2) la materia que se pretende descubrir,

aunque sea pertinente, no es materia privilegiada. Izquierdo II v. Cruz y otros, 213 DPR 607, 616-617 (2023).

Igualmente, se ha reconocido que los tribunales de instancia poseen amplia discreción para regular el ámbito del descubrimiento de prueba, con el objetivo de garantizar una solución justa, rápida y económica. Rivera *et al.* v. Arcos Dorados *et al.*, 212 DPR 194, 203 (2023).

> **El término límite para utilizar los medios de descubrimiento de prueba se determinará en la orden de calendarización que el juez tenga a bien adoptar conforme con la complejidad de las controversias y la cantidad de partes involucradas en el pleito**. Una vez las partes sometan el Informe para el Manejo del Caso que exige la R. 37.1, 2009, en donde detallarán toda la información y la prueba que hayan intercambiado; especificarán la que falta por intercambiar y el calendario para la utilización de los mecanismos de descubrimiento, **el juez podrá emitir una orden de calendarización en la que calendarice el descubrimiento de prueba acordado entre las partes o determinado en la Conferencia Inicial y precise el término para concluir con la etapa del descubrimiento de prueba**. R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 335 (énfasis suplido); *véase, además*, Rivera *et al.* v. Arcos Dorados *et al.*, *supra*, pág. 204 (énfasis en el original).

**III.**

Como único señalamiento de error, los Peticionarios arguyen que procede que revoquemos la *Orden* del TPI que no les permitió la toma de deposiciones, toda vez que la fecha límite para culminar el descubrimiento de prueba había transcurrido.

Para sustentar su postura, los Peticionarios aluden a que las contestaciones al pliego de interrogatorios que cursaron se notificaron el 29 de diciembre de 2025, a sabiendas de que se encontraban en una época festiva en la que las partes se encuentran de vacaciones, de que hay cierre temporero de los tribunales y que, por la naturaleza de dicha época, se limita el descargue de responsabilidad de discutir los pormenores con los representados. Así, plantean que la notificación de dichas contestaciones luego de dos (2) prórrogas y en esa fecha particular tuvo un efecto intencionado de parte de PRRD de emboscarlos con la intención y el efecto de limitar el descubrimiento de prueba. Añaden, además, que a la fecha de la contestación del pliego de interrogatorios y producción de documentos versus la fecha del cierre del descubrimiento de pruebas no era posible que se cumpliese con las disposiciones de la Regla 27 de Procedimiento Civil, 32 LPRA Ap. V, la cual

dispone que la notificación para deposición tiene que hacerse con 20 días de anticipación. Añadieron que no estaban en posición de saber los nombres de las personas que pretendían deponer si no contaban con las contestaciones a sus interrogatorios.

Tras una evaluación detenida del expediente ante nuestra consideración, al igual que de los autos electrónicos del foro recurrido, encontramos que el TPI no incidió, ni se desprende de los mismos que haya actuado de forma arbitraria, caprichosa, que haya abusado al ejercer su discreción o cometido algún error de derecho. Tampoco los Peticionarios demostraron que el foro de instancia actuó con prejuicio o cometiera un error manifiesto en su determinación.

Ello adquiere especial pertinencia en el presente caso, toda vez que desde el 8 de octubre de 2025, el foro de instancia estableció el 15 de enero de 2026 como la fecha límite para efectuar descubrimiento de prueba. Sobre este particular, notamos que a pesar de la solicitud de los Peticionarios para que se alterara el calendario establecido por el Tribunal, dicho foro se reiteró en dicho plazo. Nótese que, sobre dicha determinación, los Peticionarios no solicitaron reconsideración ni recurrieron ante este Tribunal de Apelaciones para impugnar la misma. Además, el examen del expediente del TPI revela que desde el 29 de diciembre de 2025 el Recurrido cursó sus contestaciones y **no fue sino después de transcurrido el término para efectuar el descubrimiento de prueba en el caso que los Peticionarios anunciaron su intención de deponer a testigos**.

Aludir a la época navideña y periodo de vacaciones de las partes y sus representantes legales no es causa justificada para entender que el foro de instancia se extralimitó en su discreción. Tampoco se configura un argumento procedente en derecho la supuesta emboscada que los Peticionarios le imputan a PRRD para limitarles el descubrimiento de prueba. Lo cierto es que los Peticionarios pudieron anunciar su intención de tomar las deposiciones dentro del término establecido por el Tribunal para efectuar el descubrimiento de prueba y no lo hicieron.

En suma, concluimos que de los autos no se desprende indicador alguno que requiera nuestra intervención con la determinación judicial recurrida y tampoco

hallamos fundamento legal alguno que amerite la expedición del auto de *certiorari*, al amparo de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte de la presente *Resolución*, *denegamos* la expedición del auto de *certiorari* ante nos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones